Anthony Bartell
abartell@mccarter.com
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENECARD SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED WORLD SPECIALTY INSURANCE COMPANY f/k/a DARWIN NATIONAL ASSURANCE COMPANY, ATLANTIC SPECIALTY INSURANCE COMPANY, and RSUI INDEMNITY COMPANY,<br><br>Defendants. | Civil Action No:<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff Benecard Services, Inc. ("Benecard"), complaining of defendants Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Allied"), Atlantic Specialty Insurance Company ("Atlantic Specialty") and RSUI Indemnity Company ("RSUI"), hereby alleges and says:

### NATURE OF ACTION

1.    Plaintiff brings this coverage action against the defendant insurance companies for: (i) a declaratory judgment, pursuant to 28 *U.S.C.* § 2201, that defendants must provide coverage for defense and indemnity costs arising from a lawsuit against Benecard seeking "not less than" $75 million; (ii) compensatory and consequential damages arising from Allied's and

Atlantic Specialty's breaches of their insurance policies; and (iii) consequential damages arising from Allied's and Atlantic Specialty's bad faith conduct toward plaintiff.

## PARTIES

2.     Plaintiff Benecard incorporated under the laws of the State of New Jersey and maintains its principal place of business at 3131 Princeton Pike, Building 2B, Suite 103, Lawrenceville, New Jersey 08648.

3.     Defendant Allied World, upon information and belief, incorporated under the laws of the State of Delaware and maintains its principal place of business at 1690 New Britain Avenue, Suite 101, Farmington, Connecticut 06032.

4.     Defendant Atlantic Specialty, upon information and belief, incorporated under the laws of the State of New York and maintains its principal place of business at 601 Carlson Parkway, Suite 600, Minnetonka, Minnesota 55305.

5.     Defendant RSUI, upon information and belief, incorporated under the laws of the State of New Hampshire and maintains its principal place of business at 945 East Paces Ferry Road, Suite 1800, Atlanta, Georgia 30326-1160.

## JURISDICTION AND VENUE

6.     This Court possesses subject matter jurisdiction over this action pursuant to 28 *U.S.C.* §1332(a)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this action involves a dispute between citizens of different states.

7.     Venue properly rests in this Court pursuant to 28 *U.S.C.* §1391.

ME1 21590122v.2

## FACTUAL ALLEGATIONS

**The Insurance Policies**

8.    Defendants sold to Benecard, for substantial premiums, the insurance policies identified below (collectively, "Insurers' Policies").

**Allied's D&O Policy**

9.    Allied sold to Benecard Forcefield Private Company Management Liability Package Policy number 0306-5521, effective April 12, 2013 through April 30, 2014 ("Allied's D&O Policy").

10.    Allied's D&O Policy provides directors and officers liability insurance coverage to Benecard.

11.    Allied's D&O Policy requires the insurer to pay defense and indemnity costs arising from a claim for a "Wrongful Act."

12.    Allied's D&O Policy defines "Wrongful Act" to mean "any actual or alleged act, error, omission, neglect, breach of duty, breach of trust, misstatement, or misleading statement."

13.    Benecard paid substantial premiums to purchase Allied's D&O Policy, and Benecard has complied with all applicable terms and conditions of such Policy.

**Atlantic Specialty's D&O Policy**

14.    Atlantic Specialty sold to Benecard Healthcare Organization Management Liability Policy number MCM-00739-14, effective April 30, 2014 through April 12, 2015 ("Atlantic Specialty's D&O Policy").

15.    Atlantic Specialty's D&O Policy provides directors and officers liability coverage to Benecard.

16.    Atlantic Specialty's D&O Policy requires the insurer to pay defense and indemnity costs arising from a claim for a "Wrongful Act."

ME1 21590122v.2

17.     Atlantic Specialty's D&O Policy defines "Wrongful Act" to mean "any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty."

18.     Benecard paid substantial premiums to purchase Atlantic Specialty's D&O Policy, and Benecard has complied with all applicable terms and conditions of such Policy.

**RSUI's Excess D&O Policies**

19.     RSUI sold to Benecard the following Excess Liability insurance policies (collectively, "RSUI's Excess D&O Policies"):  HS651201, effective April 12, 2013 through April 30, 2014 ("RSUI's 2013-14 Excess D&O Policy"); and HS657057, effective April 30, 2014 through April 12, 2015 ("RSUI's 2014-15 Excess D&O Policy").

20.     RSUI's Excess D&O Policies provide follow-form coverage, meaning they provide coverage to Benecard if the applicable underlying primary policies provide coverage to Benecard.

21.     RSUI's 2013-14 Excess D&O Policy provides coverage "subject to the . . . terms, conditions, other provisions and endorsements" of Allied's D&O Policy.

22.     RSUI's 2014-15 Excess D&O Policy provides coverage "subject to the . . . terms, conditions, other provisions and endorsements" of Atlantic Specialty's D&O Policy.

23.     Benecard paid substantial premiums to purchase RSUI's Excess D&O Policies, and Benecard has complied with all applicable terms and conditions of such Policies.

**The Underlying Action**

24.     The underlying plaintiff Smart Insurance Company ("Smart") received approval, in 2012, from the Centers for Medicare and Medicaid Services ("CMS") to act as a Medicare Part D Plan Sponsor.

25.     Benecard agreed to provide Smart with certain services in connection with the Part D Plan.

- 4 -

26.     Problems developed with the Part D Plan, and CMS imposed sanctions on Smart, in April 2013, which consisted of suspending enrollment in, and Smart's marketing of, the Part D Plan.

27.     Smart sold the Part D Plan, on August 31, 2014, for $12 million.

28.     Prior to its sale of the Part D Plan, Smart wrote to Benecard on April 22, 2014 to advise that "a dispute between Smart and Benecard is a likelihood."

29.     Smart asked Benecard to "preserv[e] the documents relevant to the parties' relationship" and to "take whatever other actions are necessary to preserve the status quo and protect the parties' respective rights and obligations."

30.     By letter dated December 15, 2014, Smart advised it "intends to pursue claims against Benecard" arising from the parties' Part D Plan relationship.

31.     On June 8, 2015, Smart sued Benecard in the United States District Court for the Southern District of New York in an action captioned *Smart Insurance Company v. Benecard Services, Inc.*, Civil Action No. 1:15-CV-04384 ("Underlying Action").

32.     The Underlying Action seeks damages from Benecard, in an amount "not less than" $75 million, for its alleged wrongful acts arising from the parties' Part D Plan relationship.

33.     The Underlying Action alleges Benecard's wrongful acts caused damages covered by the Insurers' Policies.

34.     Smart's "not less than" $75 million demand confirms the Underlying Action implicates all of the Insurers' Policies.

35.     Benecard has incurred, and will incur, substantial fees and costs defending the Underlying Action.

**Benecard's Coverage Demands**

36.     Benecard provided notice of Smart's claims to each of the defendant insurance companies.

**Notice To Allied**

37.     Benecard, on April 30, 2014, placed Allied on notice of Smart's April 22, 2014 letter.

38.     By letter dated May 9, 2014, Allied denied coverage to Benecard on the grounds that Smart's April 22, 2014 letter did not constitute a claim under Allied's D&O Policy and that Benecard failed to present a sufficient notice of circumstances under the Policy.

39.     Allied, by letter dated June 9, 2014, accepted the exact same Benecard April 30, 2014 notice communication and Smart April 22, 2014 letter as a sufficient notice of circumstances under Allied's Managed Care Organization Errors and Omissions Liability Policy number 0303-3889, sold to Benecard from April 12, 2014 through April 12, 2015 ("Allied's E&O Policy").

40.     Benecard subsequently provided notice to Allied of Smart's December 15, 2014 letter.

41.     Allied reiterated its coverage denial on April 30, 2015, contending Benecard received Smart's December 15, 2014 letter after the expiration of Allied's D&O Policy.

**Notice To Atlantic Specialty**

42.     Benecard, on June 18, 2014, gave Atlantic Specialty notice of Smart's April 22, 2014 letter.

43.     Benecard, by letter dated December 19, 2014, placed Atlantic Specialty on notice of Smart's December 15, 2014 letter.

ME1 21590122v.2

44.     Atlantic Specialty delayed unreasonably for almost ten (10) months before finally denying coverage to Benecard by letter dated April 1, 2015.

45.     Atlantic Specialty used a boilerplate form letter to deny Benecard coverage for Smart's claims.  An entire paragraph of the insurer's April 1, 2015 declination letter deals with a policyholder other than Benecard and with a policy other than Atlantic Specialty's D&O Policy.

46.     After Benecard brought this anomaly to Atlantic Specialty's attention, the insurer sent a "corrected version" of its April 1, 2015 declination letter.

**Notice To RSUI**

47.     Benecard, on April 30, 2014, placed RSUI on notice of Smart's April 22, 2014 letter.

48.     RSUI responded to Benecard's notice with a reservation of rights letter dated June 18, 2014.

49.     Benecard, by letter dated December 19, 2014, gave RSUI notice of Smart's December 15, 2014 letter.

**COUNT I**
**DECLARATORY JUDGMENT**
**Against Allied**

50.     Benecard repeats the allegations of Paragraphs 1 through 49 and makes them a part hereof as if fully set forth at length herein.

51.     Allied rejects its obligations to:  (a) fund Benecard's defense of the Underlying Action; and (b) pay any judgment or settlement arising from the Underlying Action.

52.     By reason of the foregoing, an actual and justiciable controversy exists between Benecard and Allied regarding their rights and obligations under Allied's D&O Policy.

ME1 21590122v.2

53.     The rights, status and other legal obligations of Benecard and Allied remain uncertain and insecure, and this Court's entry of declaratory judgment will terminate the uncertainty and controversy giving rise to this proceeding.

## COUNT II
## DECLARATORY JUDGMENT
### Against Atlantic Specialty

54.     Benecard repeats the allegations of Paragraphs 1 through 53 and makes them a part hereof as if fully set forth at length herein.

55.     Atlantic Specialty rejects its obligations to:  (a) fund Benecard's defense of the Underlying Action; and (b) pay any judgment or settlement arising from the Underlying Action.

56.     By reason of the foregoing, an actual and justiciable controversy exists between Benecard and Atlantic Specialty regarding their rights and obligations under Atlantic Specialty's D&O Policy.

57.     The rights, status and other legal obligations of Benecard and Atlantic Specialty remain uncertain and insecure, and this Court's entry of declaratory judgment will terminate the uncertainty and controversy giving rise to this proceeding.

## COUNT III
## DECLARATORY JUDGMENT
### Against RSUI

58.     Benecard repeats the allegations of Paragraphs 1 through 57 and makes them a part hereof as if fully set forth at length herein.

59.     RSUI fails to confirm its coverage obligations for defense and indemnity (if any) costs arising from the Underlying Action.

60.     By reason of the foregoing, an actual and justiciable controversy exists between Benecard and RSUI regarding their rights and obligations under RSUI's Excess D&O Policies.

ME1 21590122v.2

61.     The rights, status and other legal obligations of Benecard and RSUI remain uncertain and insecure, and this Court's entry of declaratory judgment will terminate the uncertainty and controversy giving rise to this proceeding.

## COUNT IV
## BREACH OF CONTRACT
### Against Allied

62.     Benecard repeats the allegations of Paragraphs 1 through 61 and makes them a part hereof as if fully set forth at length herein.

63.     Allied refuses to fund Benecard's defense of the Underlying Action.

64.     Allied, by reason of the foregoing, breached its obligations under Allied's D&O Policy and, therefore, must pay money damages, the costs and disbursements of this action, including but not limited to counsel fees, and pre-judgment and post-judgment interest.

## COUNT V
## BREACH OF CONTRACT
### Against Atlantic Specialty

65.     Benecard repeats the allegations of Paragraphs 1 through 64 and makes them a part hereof as if fully set forth at length herein.

66.     Atlantic Specialty refuses to fund Benecard's defense of the Underlying Action.

67.     Atlantic Specialty, by reason of the foregoing, breached its obligations under Atlantic Specialty's D&O Policy and, therefore, must pay money damages, the costs and disbursements of this action, including but not limited to counsel fees, and pre-judgment and post-judgment interest.

## COUNT VI
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
### Against Atlantic Specialty

68.     Benecard repeats the allegations of Paragraphs 1 through 67 and makes them a part hereof as if fully set forth at length herein.

- 9 -

69. Atlantic Specialty bears a fiduciary duty of good faith and fair dealing to Benecard.

70. Atlantic Specialty's good faith duties to Benecard include, among other things, the obligations to: (i) act promptly upon communications regarding claims potentially covered under Atlantic Specialty's D&O Policy; (ii) conduct a prompt and objectively reasonable investigation of Benecard's coverage claims; and (iii) communicate promptly to Benecard the results of any such investigation.

71. Atlantic Specialty breached its good faith duties to Benecard by, among other things: (i) inexcusably and inexplicably waiting nearly ten (10) months before responding substantively to Benecard's coverage request; and (ii) failing to conduct an objectively reasonable investigation of Benecard's coverage claims, as evidenced by (among other things) Atlantic Specialty's use of a boilerplate form coverage declination letter.

72. Atlantic Specialty's bad faith conduct violates, among other things, New Jersey's Unfair Claims Settlement Practices Act, *N.J.S.A* 17B:30-13.1.

## COUNT VII
## BREACH OF THE DUTY OF GOOD AND FAIR DEALING
### Against Allied

73. Benecard repeats the allegations of Paragraphs 1 through 72 and makes them a part hereof as if fully set forth at length herein.

74. Allied bears a fiduciary duty of good faith and fair dealing to Benecard.

75. Allied's good faith duties to Benecard include, among other things, the obligation to act fairly, consistently and non-arbitrarily in responding to Benecard's coverage claims under Allied's D&O Policy.

76. Allied breached its good faith duties to Benecard by, among other things; (i) refusing to accept Benecard's April 30, 2014 communication and Smart's April 22, 2014 letter as

a notice of claim under Allied's D&O Policy; (ii) refusing to accept Benecard's April 30, 2014 communication and Smart's April 22, 2014 letter as a notice of circumstances under Allied's D&O Policy; and (iii) refusing to accept Benecard's April 30, 2014 communication and Smart's April 22, 2014 letter as a notice of circumstances under Allied's D&O Policy while simultaneously treating Benecard's identical April 30, 2014 communication and Smart's April 22, 2014 letter as a notice of circumstances under Allied's E&O Policy.

77. Allied's bad faith conduct violates, among other things, New Jersey's Unfair Claims Settlement Practices Act, *N.J.S.A.* 17B:30-13.1.

**WHEREFORE,** plaintiff demands judgment in its favor against defendants:

1. declaring the Insurers' Policies provide coverage for the Underlying Action;

2. for money damages, not limited to the Policies' liability limits, including direct, compensatory and consequential damages, together with pre-judgment and post-judgment interest, arising from Allied's and Atlantic Specialty's breaches of their Policies;

3. for money damages, not limited to the Policies' liability limits, including direct, compensatory and consequential damages, together with pre-judgment and post-judgment interest, arising from Atlantic Specialty's and Allied's breaches of their obligations of good faith to plaintiff;

4. for costs of suit;

5. for counsel fees; and

6. for such further relief the Court may deem just and proper.

ME1 21590122v.2

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

McCARTER & ENGLISH, LLP
Attorneys for Plaintiff

By: _____

    Anthony Bartell
    McCarter & English, LLP
    Four Gateway Center
    100 Mulberry Street
    Newark, New Jersey 07102
    abartell@mccarter.com
    (973) 622-4444

Dated: December 14, 2015

ME1 21590122v.2

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify, under penalty of perjury under the laws of the United States of America, that to the best of my knowledge, information and belief, the matter in controversy in this action is not the subject of any other action pending in any court or of a pending arbitration proceeding.


Dated:  December 14, 2015                    /s/ Anthony Bartell
                                             Anthony Bartell
                                             McCarter & English, LLP
                                             Four Gateway Center
                                             100 Mulberry Street
                                             Newark, New Jersey 07102
                                             abartell@mccarter.com
                                             (973) 622-4444
                                             Attorneys for Plaintiff

ME1 21646188v.1