UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BENECARD SERVICES, INC.,** | Civil Action No. 15-8593 (MAS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **ALLIED WORLD SPECIALTY INSURANCE COMPANY et al.,** | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge,**

Presently before the Court is Plaintiff Benecard Services, Inc. ("Benecard") motion for reconsideration/clarification of the Court's Order entered April 17, 2017 denying its motion for a protective order and a pre-production review of Third Party Wells Fargo's subpoenaed documents. (Docket Entry No. 102). Defendant Allied World Specialty Insurance Company ("Allied") opposes Benecard's motion for reconsideration. (Docket Entry No. 103). The Court has reviewed all arguments raised in support of and in opposition to Benecard's motion. The Court considers Benecard's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons stated more fully below, Benecard's motion is DENIED.

**I.     Background**

The Court and the parties are very familiar with the facts underlying this matter. As such, the Court shall neither restate the facts of this case nor repeat the arguments made in support of and in opposition to Benecard's motion at length.

Benecard is asking the Court to clarify that Its April 17, 2017 Ruling does not prevent Wells Fargo and Benecard from agreeing to the latter's pre-production review of Wells Fargo's

subpoenaed documents. *Pl.'s Br. in Supp. of Mot*. at 3. Benecard argues that even if there is no attorney-client privilege, the subpoenaed documents may still be protected by the work product doctrine. *Id*. at 5. Benecard states that "[t]he subpoenaed documents likely include communications between Benecard's counsel and Wells Fargo made in anticipation of litigation and thereby fall squarely within the work product doctrine." *Id*. at 6.

Allied argues that the April 17, 2017 order was unambiguous and that Benecard does not offer any new facts of law to justify reconsideration. *Allied's Br. in Opp'n* at 1. Additionally, Allied argues that Benecard does not offer any newly discovered evidence or dispositive case law that was overlooked. *Id*. at 2. Furthermore, Allied states that Wells Fargo complied with the Court's Order that it produce the requested documents no later than May 15, 2017 and has already produced the documents. *Id*. at 3.

In reply to Benecard's arguments that the work product doctrine may apply, Allied states that "1) Wells Fargo is not a party to the dispute or the underlying lawsuit; 2) Wells Fargo is not represented by DLA Piper or McCarter & English; 3) Benecard has not asserted that Wells Fargo acted as its agent; and 4) no insurer defendant has claimed that Wells Fargo acted as Benecard's agent. *Id*. at 4. Allied asserts that "the attorney-client privilege and work product doctrine are, on their face, not applicable to any documents in Wells Fargo's possession. *Id*. at 4.

## II.     Analysis

In this district, motions for reconsideration are governed by L.Civ.R. 7.1(i) and are considered "extremely limited procedural vehicle(s)." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992). As a result, "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. Civ. 03-3988 (WJM), 2003

WL 22303078, *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002). As such, a party seeking reconsideration bears a high burden and must demonstrate one of the following three grounds to establish that reconsideration is appropriate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

> L.Civ.R. 7.1(i) provides that:
>
>> Unless otherwise provided by statute or rule . . ., a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

As is clear from the text of the Rule, the term "overlook" is the dominant term in L.Civ.R. 7.1(i). Indeed, generally, the Rule "does not contemplate a Court looking to matters which were not originally presented." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988). Consequently, "except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.'" *Guinta v. Accenture, LLP*, Civ. No. 08-3776 (DRD), 2009 WL 301920, *5 (D.N.J. Jan. 23, 2009) (quoting *Resorts Int'l*, 830 F.Supp. at 831).

Benecard's statement that, "[n]othing in the April 17 Ruling prevents Wells Fargo and

3

Benecard from agreeing on the latter's pre-production review of the subpoenaed documents" (*Pl.'s Br. in Supp. of Mot.* at 4) is incorrect.   In its April 17, 2017 Order, the Court was not persuaded by Benecard's arguments. In reaching Its conclusion, the Court fully reviewed the cases cited by Benecard and found that Benecard had failed to provide the Court with the legal support necessary to support its proposition that it was entitled to a pre-production review of Wells Fargo's documents.

The Court finds that Benecard has failed to set forth an appropriate ground warranting reconsideration.   At best, it appears that Benecard simply disagrees with the Court's reasoning and decision.   The Court, however, is not obligated to, nor is it proper for Benecard to request that the Court "rethink what it had already thought through - - rightly or wrongly."   *Oritani S & L v. Fidelity & Deposit*, 744 F.Supp. 1311, 1314 (D.N.J. 1990).   Benecard has not established the existence of evidence that was previously unavailable or a change in the applicable law to warrant a motion for reconsideration.   Furthermore, Benecard has similarly failed to establish a manifest error of law by the Court.   Under these circumstances, reconsideration is not appropriate.

### III. Conclusion

For the reasons stated above, Benecard's motion for reconsideration is DENIED.   The Court, however, GRANTS Benecard's request that the April 17, 2017 Order be stayed to allow Benecard to appeal the ruling to the Hon. Michael A. Shipp, U.S.D.J.

An appropriate Order follows.

Dated: July 21, 2017

            s/ Tonianne J. Bongiovanni
            **TONIANNE J. BONGIOVANNI**
            **UNITED STATES MAGISTRATE JUDGE**